# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-2113
Lower Tribunal No. 2024-CC-005290-O

_____

AISHA E. JONES,

Appellant,

v.

THE HOUSING AUTHORITY of the CITY OF ORLANDO,

Appellee.

_____

Appeal from the County Court for Orange County.
Andrew L. Cameron, Judge.

March 13, 2026

## ON MOTION FOR REHEARING

By order issued November 24, 2025, the Court granted Appellant's motion for rehearing and withdrew its per curiam affirmance issued November 4, 2025. Following is the Court's opinion on rehearing.

GANNAM, J.

Aisha E. Jones appeals the default final judgment for possession in favor of the Housing Authority of the City of Orlando. Because the trial court never heard Jones's motion to determine rent, we reverse.

The Authority sued Jones for eviction and unpaid rent. Jones, pro se, filed a response to the complaint within five days of service. Jones's response argued the alleged unpaid rent due was incorrect, requested a hearing to determine the amount of rent due, and attached supporting documents. Because Jones's response was a sufficient "motion to determine the amount of rent to be paid into the [court] registry" under section 83.60(2), Florida Statutes (2024), the trial court was required to give Jones a hearing on the motion before entering a default judgment for possession. *See Joerger v. Lake Alfred Place, LLC*, 398 So. 3d 464, 465 (Fla. 6th DCA 2024).

Without acknowledging Jones's motion to determine rent, the trial court convened a final hearing at which the Authority made an oral motion for default judgment for Jones's failure to pay the alleged unpaid rent into the court registry. The court deferred ruling on the motion and heard testimony from one of the Authority's witnesses. The court ran out of time, however, before the Authority's second witness could be called, and before Jones could put on any evidence. The court stated it would continue the hearing because "I want to make sure everybody has an opportunity to be heard again," and, "Ms. Jones has not had an opportunity to put her case on."

Prior to concluding the hearing, the court asked Jones whether she had the present ability to pay the unpaid rent alleged by the Authority, and Jones answered, "I can try, Your Honor." Then the court stated:

> Okay. What I'm going to say is this, I'm going to stop short of ordering you to do that, but [the Authority's counsel] has made a very good argument that for you to proceed on your defenses to this eviction hearing, that you're obligated to pay the rent that is owed. And I've heard—the reason I reserved ruling on that default is I hadn't yet heard where that number came from. So I'm going to say that your circumstance is going to be greatly improved by depositing money that will represent April, May, and June rent. So you know how that works. And I'll leave it at that.
>
> I'm going to ask that the parties schedule an additional hour. If you can convince my judicial assistant to give you an extra 90 minutes, that way we're sure we're done, because I want to be certain that . . . the Housing Authority has the opportunity to put on maybe another half hour of testimony, that Ms. Jones will have ample time to contest or rebut what's been presented. . . .

Prior to the rescheduled hearing, the Authority filed a renewed motion for immediate default judgment for possession, stating, "After some testimony was taken, Court [sic] continued the Final Hearing and advised Defendant to deposit the outstanding rent into the court registry," and, "Subsequently, the Defendant failed to deposit all the rent into the registry, as directed by the Court . . . ." Despite the trial court's expressly *not* ordering Jones to deposit any unpaid rent into the registry, and its express "want to be certain . . . that Ms. Jones will have ample time to contest or

3

rebut what's been presented" at the continued hearing, the court entered a default final judgment for possession on the Authority's motion alone, before the already scheduled continuation of the hearing, finding Jones "failed to deposit the past due rent" and concluding "therefore [the Authority] is entitled to Possession." Jones filed a motion to set aside the final judgment, reminding the trial court of its instruction to the parties to schedule a continuation of the hearing. The court denied the motion in an unelaborated order.

The trial court's entry of the default final judgment not only broke its promise to give Jones her day in court, but it was also error because Jones "filed a timely and compliant motion to determine the rent due," requiring the court "to conduct a hearing and make a rent determination" before entering a default judgment. *Joerger*, 398 So. 3d at 465. We reverse the final judgment for possession and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED with instructions.

MIZE, J., concurs.
SMITH, J., dissents, without opinion.


Aisha E. Jones, Orlando, pro se.

Rhonda E. Stringer, Suzane J. Decopain and Ricardo Gilmore, of Saxon Gilmore & Carraway, P.A., Tampa, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED